# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH SESSION, 1997



FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **TAFT DOUGLAS,** | ) | **C.C.A. NO. 01C01-9605-CR-00182** |
| | ) | |
| Appellant, | ) | **DAVIDSON COUNTY** |
| | ) | |
| | ) | |
| **V.** | ) | **HON. THOMAS H. SHRIVER,** |
| | ) | **JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:

**HENRY R. ALLISON, III**
Attorney at Law
500 Church Street
Fifth Floor
Nashville, TN 37219

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**WILLIAM RAMSEY REED**
Assistant District Attorney General
Washington Square
222 2nd Avenue N., Suite 500
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

The Petitioner, Taft Douglas, appeals as of right according to Rule 3 of the Tennessee Rules of Appellate Procedure. Petitioner pled nolo contendere to one count of aggravated rape and one count of rape. He received a twenty (20) year sentence for aggravated rape and a ten (10) year sentence for rape, to be served concurrently. Petitioner filed for post-conviction relief. The trial court dismissed the petition, and we affirm the judgment of the trial court.

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings are conclusive for this court unless the evidence preponderates against the judgment. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

Petitioner contends that his trial counsel was ineffective because counsel's failure to prepare for trial resulted in the Petitioner being forced to enter a plea. In reviewing a petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by counsel are within the range of competence demanded of counsel in criminal cases, and, if not for counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668, 693 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In situations where there is a guilty plea rather than a trial, this two-part standard is met when the

petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 53 (1985). We find that this standard also applies to a nolo contendere hearing.

Petitioner testified at the post-conviction hearing that trial counsel was unprepared for trial and forced him to enter a plea. Petitioner's trial attorney testified that he met numerous times with the Petitioner in preparation for trial. The attorney filed between fifteen (15) to twenty-five (25) motions prior to the trial date, as well as interviewed witnesses, including the Petitioner's wife. While Petitioner failed to cooperate with trial counsel by refusing to give him names of potential alibi witnesses until the day prior to trial, he stated he was prepared to offer a defense for Petitioner.

Additionally, Petitioner testified at the plea hearing that he was satisfied with trial counsel's services and that he had discussed defenses with him prior to that time. The advice given and the services rendered by counsel were within the range of competency demanded by an attorney in a criminal case, and the representation of Petitioner complied with the requirements set out by the Supreme Court in Baxter v. Rose, 523 S.W.2d 930. Having reviewed the Appellant's testimony and that of his trial counsel, we are bound to affirm the trial court's decision that trial counsel's testimony was the accurate account of the events which transpired. The evidence does not preponderate against the trial court's findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This issue has no merit.

In addition, it appears that Petitioner challenges the voluntariness of his nolo contendere plea. While he failed to raise this issue specifically, we will address this contention. When reviewing the plea, the overriding concern is whether the plea is knowingly and voluntarily made. Woods v. State, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996). From the record, it is apparent that there was no evidence of threats or undue pressure placed upon the Petitioner. The transcript of the nolo contendere plea proceedings indicates that the standards of State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), were followed by the trial judge. In the record, it is acknowledged by Petitioner that he understood the nature of the charges against him, the plea and sentence, and that he accepted both knowingly and intelligently. In addition, trial counsel testified that Petitioner adamantly insisted that he "try to get [Petitioner] a deal." After hearing that his wife planned to "burn him at the cross," Petitioner decided he was going to plead nolo contendere. This issue is also without merit.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JOE G. RILEY, Judge